FILED
United States Court of Appeals
Tenth Circuit

December 31, 2009

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

MURRAY COHEN,

      Plaintiff-Appellant,

v.

BARACK HUSSEIN OBAMA,
President of the United States, and the
Chief Executive,

      Defendant-Appellee.

No. 09-6187

(D.C. No. 5:09-CV-00704-F)
(W. D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY, BRISCOE,** and **HOLMES**, Circuit Judges.

---

After examining the appellant's brief and appellate record, this panel has

determined unanimously that oral argument would not materially assist in the

determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).

The case is, therefore, submitted without oral argument.

On July 8, 2009, Plaintiff-Appellant, Murray Cohen, appearing *pro se*, filed

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

a complaint against Defendant-Appellee, Barrack Hussein Obama, President of the United States, in the United States District Court for the Western District of Oklahoma seeking various forms of injunctive relief. On August 10, 2009, the district court issued an order in which it dismissed the complaint pursuant to Federal Rule of Civil Procedure 12(b)(1), concluding that Cohen lacks standing to assert his claims and alternatively, that the claims against President Obama are barred by absolute immunity. Cohen then filed two motions for reconsideration on August 18, 2009 and August 31, 2009, which the district court rejected in orders issued on August 19, 2009, and September 1, 2009. This timely appeal followed. Because we conclude the district court correctly determined that Cohen lacks standing to bring this suit, we AFFIRM the dismissal of Cohen's complaint.

## I

In his complaint, Cohen seeks various forms of injunctive relief related to various official actions of President Obama that Cohen contends violate the United States Constitution. Specifically, Cohen requests that the court: (1) terminate the appointment of the President of General Motors and its board of directors; (2) terminate the government's and automotive unions' ownership interests in General Motors and Chrysler; (3) reverse all automotive franchise cancellations; (4) direct the Bankruptcy Courts to reorder the priorities of the bond holders and other secured creditors of General Motors; (5) terminate the government takeover of any private or public companies and prevent the

government from owning shares in such companies; (6) terminate without pay all government appointed "mini-Czars" and their employees; (7) direct the government not to pay foreign governments to house military prisoners; (8) terminate all funds to ACORN and enjoin ACORN's participation in the national census; and (9) enjoin President Obama from introducing complicated legislation without allowing sufficient time for Congress to read, study and inquire into such legislation.

The district court concluded that Cohen lacks Article III standing to assert such claims, noting that Cohen "has failed to show particularized injury . . . . He simply argues that [President Obama's] actions are unconstitutional." Aplt. App. at 38. The district court also concluded, alternatively, that President Obama has absolute immunity from a suit seeking to enjoin the performance of his official duties. On appeal, Cohen contends that the district court's dismissal of his complaint was in error because he argues that the petition clause of the First Amendment, see U.S. Const. amend. I ("Congress shall make no law . . . abridging . . . the right of the people . . . to petition the Government for the redress of grievances."), grants him a constitutional right to bring this action and thereby renders any discussion of subject matter jurisdiction unnecessary and improper.

"We review a district court's dismissal for lack of subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1) de novo." Kane County Utah v. Salazar,

562 F.3d 1077, 1085 (10th Cir. 2009). Cohen confuses a citizen's First Amendment right to petition the government with the limitation placed upon the power of the federal courts to hear cases. More specifically, Cohen fails to recognize that "Article III, Section 2 of the United States Constitution extends the judicial power only to 'Cases' or 'Controversies.'" Carolina Cas. Ins. Co. v. Pinnacol Assur., 425 F.3d 921, 926 (10th Cir. 2005). And, "[a] dispute is an Article III 'Case' or 'Controversy' only if the plaintiff can establish what is known as 'constitutional standing.'" Id.

To demonstrate such standing, Cohen must establish that: (1) he has suffered an "injury in fact"; (2) there is a causal connection between the injury in fact and the complained of conduct; and (3) it is likely that the injury will be redressed by a favorable decision. See D.L.S. v. Utah, 374 F.3d 971, 974 (10th Cir. 2004). And, in order for Cohen to establish that he has suffered an "injury in fact," he must demonstrate the "invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical." See ACLU of N.M. v. Santillanes, 546 F.3d 1313, 1318 (quotation and citation omitted). Because we conclude that the district court correctly found that Cohen has failed to show a particularized injury, but rather has stated only general disagreement with various government actions, we also agree with its conclusion that Cohen lacks standing. Because Cohen's lack of standing is fatal to his case and this court's jurisdiction to hear his case, see Carolina Cas. Ins.

-4-

<u>Co.</u>, 425 F.3d at 926 ("[C]onstitutional standing is necessary to the court's jurisdiction . . . ."), we need not address the district court's conclusions with respect to President Obama's immunity.

**II**

We AFFIRM the district court's dismissal of Cohen's complaint.

Entered for the Court


Mary Beck Briscoe
Circuit Judge